UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARYL A. REPOKIS,

       Plaintiff,

v.

DEUTSCHE BANK NATIONAL TRUST
COMPANY, *et. al.*,

       Defendants.
       _____/

Case No. 11-15145

Honorable John Corbett O'Meara

## OPINION AND ORDER
## GRANTING DEFENDANTS' DECEMBER 14, 2011 MOTION TO DISMISS

This matter came before the court on Defendants' December 14, 2011 motion to dismiss. Plaintiff Daryl A. Repokis filed a response December 28, 2011, and a supplement January 3, 2012. Defendants filed a reply brief January 5, 2012; oral argument was heard March 15, 2012. At the hearing, counsel for defendants Trott & Trott, P.C., concurred in Defendants' motion. For the reasons set forth below, the court will grant Defendants' motion.

## BACKGROUND FACTS

Plaintiff Repokis executed a mortgage against property located in Bloomfield Hills, Michigan, as security for a $1,000,000 loan on August 22, 2006. Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") was named as the mortgagee. MERS then recorded an assignment of Plaintiff's mortgage to defendant Deutsche Bank on September 9, 2009. Plaintiff subsequently defaulted on his loan; and Deutsche Bank commenced foreclosure proceedings, resulting in a January 5, 2010 sheriff's sale at which Deutsche Bank purchased the property for $722,500.00 and obtained a sheriff's deed recorded January 14, 2010.

On September 17, 2010, Deutsche Bank recorded an Affidavit Expunging Sheriff's Deed on Mortgage Sale. The affidavit explained, among other things, that the foreclosure was inadvertent and that the affidavit was being recorded to correct the record title to show that the January 5, 2010 foreclosure was void. On October 5, 2010, Deutsche Bank re-recorded the assignment to correct it. The corrected assignment, however, did not alter the record chain of title.

Following correction of the assignment, plaintiff Repokis was in default on his loan; and Deutsche Bank commenced foreclosure proceedings, resulting in a sheriff's sale November 30, 2010, at which Deutsche Bank purchased the property for $433,500.00. The bank obtained a sheriff's deed recorded December 7, 2010. Plaintiff was notified that he had six months, until May 30, 2011, to redeem the property. He failed to do so. On October 20, 2011, five months after expiration of the redemption period, Plaintiff filed this suit in Oakland County, Michigan. Defendants removed the matter to this court.

## **LAW AND ANALYSIS**

All of Plaintiff's claims are barred do to his lack of standing for failure to assert them during the statutory redemption period. After a sheriff's sale, a mortgagor is entitled to a period of time in which to redeem the property. After expiration of the redemption period, the purchaser obtaining a sheriff's deed is vested with "all the right, title, and interest" in the property. Mich. Comp. Laws Ann. § 600.326. In Michigan the redemption period is six months. Id. § 600.3240.

In this case the property was sold at sheriff's sale November 30, 2010. Plaintiff Repokis failed to redeem the property during the statutory redemption period–or ever. Therefore, six months later, on May 30, 2011, defendant Deutsche Bank was vested with title and interest in the property. As a result, Plaintiff lost any "legal or equitable right, title or interest in the subject matter of the

2

controversy." See MOSES, Inc. v. Southeast Mich. Council of Gov'ts, 270 Mich. App. 401, 414 (2006).

Plaintiff's lack of standing to sue is dispositive of his entire case because every count of the complaint seeks to challenge the validity of the foreclosure. Though Plaintiff claims that MERS recorded a "second" assignment, there were not two assignments. Rather, there was only one assignment which was later corrected.

To the extent that Plaintiff alleges claims for fraud and/or misrepresentation, he cannot prevail. Under Michigan law, a plaintiff alleging a claim for fraud must plead and prove the following elements: 1) the defendant made a material misrepresentation; 2) the misrepresentation was false; 3) when defendant made the representation, the defendant knew it was false or made it recklessly; 4) the defendant made the representation with the intention that the plaintiff would act upon it; 5) the plaintiff acted in reliance on it; and 6) the plaintiff suffered damages as a result. M & D, Inc. v. W.B. McConkey, 231 Mich. App. 22, 26-27 (1988).

Plaintiff Repokis alleges a material misrepresentation--that the initial assignment was "robo-signed" by "Linda Green." However, such an allegation does not allege a misrepresentation to Plaintiff, who was not a party to the assignment. Likewise, he cannot, as a nonparty to the assignment, claim that he relied on the misrepresentation. Furthermore, Plaintiff has not been damaged due to fraud or misrepresentation because he alone is responsible for his default on the loan.

In his supplement, which was filed without leave of the court, Plaintiff contends that his claims are not barred because he filed a lawsuit on October 27, 2009. That suit, however, was dismissed because Plaintiff failed to pursue it. Also, the 2009 suit was filed before the November

3

2010 foreclosure occurred. Therefore, it could not have absolved Plaintiff of his obligation to assert any claim he thought he had with respect to that sale. The applicable redemption period began November 30, 2010, over ten months after Plaintiff's 2009 suit was dismissed for lack of diligence.

## **ORDER**

It is hereby **ORDERED** that Defendants' December 14, 2011 motion to dismiss is **GRANTED**; and the action is **DISMISSED** in its entirety.

                                       s/John Corbett O'Meara
                                       United States District Judge

Date: June 25, 2012

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, June 25, 2012, using the ECF system and/or ordinary mail.

                           s/William Barkholz
                           Case Manager